FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 01, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TAMARA M. B., | NO:  2:19-CV-00413-FVS |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

BEFORE THE COURT are the parties' cross motions for summary judgment.  ECF Nos. 7 and 8.  This matter was submitted for consideration without oral argument.  The Plaintiff is represented by Attorney Tom G. Cordell.  The Defendant is represented by Special Assistant United States Attorney Danielle R. Mroczek.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed.  For the reasons discussed below, the

ORDER ~ 1

court **GRANTS** Defendant's Motion for Summary Judgment, ECF No. 8, and

**DENIES** Plaintiff's Motion for Summary Judgment, ECF No. 7.

## JURISDICTION

Plaintiff Tamara M. B. protectively filed for disability insurance benefits on July 22, 2016.  Tr. 145-46.  Plaintiff alleged an onset date of May 8, 2015.  Tr. 145.  Benefits were denied initially, Tr. 70-72, and upon reconsideration, Tr. 81-87.  Plaintiff appeared for a hearing before an administrative law judge ("ALJ") on October 22, 2018.  Tr. 28-56.  Plaintiff was represented by counsel and testified at the hearing.  *Id*.  The ALJ denied benefits, Tr. 12-27, and the Appeals Council denied review.  Tr. 1.  The matter is now before this court pursuant to 42 U.S.C. § 405(g).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and will therefore only the most pertinent facts are summarized here.

Plaintiff was 59 years old at the time of the hearing.  *See* Tr. 31.  She graduated from high school.  *See* Tr. 168.  She resides with her husband.  Tr. 41.  Plaintiff has work history as a deliverer, cook helper, and institutional cook.  Tr. 33-34, 38-39, 49-50.  She testified that she could no longer work because of back and hip pain.  Tr. 34.

Plaintiff testified that she has pain in her lower back and both hips.  Tr. 39-40.  She reported that she can stand and walk for up to two minutes before she needs to sit because of the pain; she has to get up and change positions if she attempts to sit for a whole movie; and she wakes up twice a night due to left hip pain.  Tr. 40-43, 47.  Plaintiff has to "shift around" every few minutes when she is sitting down because "it just kind of binds up."  Tr. 46.  She testified that after "a day of errands," she has to sit and relax for the next few days to recover "because of the pain to [her] lower back and [her] hip."  Tr. 47-48.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009)..

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

1    The Commissioner has established a five-step sequential analysis to

2    determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §

3    404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's

4    work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in

5    "substantial gainful activity," the Commissioner must find that the claimant is not

6    disabled.  20 C.F.R. § 404.1520(b).

7    If the claimant is not engaged in substantial gainful activity, the analysis

8    proceeds to step two.  At this step, the Commissioner considers the severity of the

9    claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers

10    from "any impairment or combination of impairments which significantly limits

11    [his or her] physical or mental ability to do basic work activities," the analysis

12    proceeds to step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment

13    does not satisfy this severity threshold, however, the Commissioner must find that

14    the claimant is not disabled.  20 C.F.R. § 404.1520(c).

15    At step three, the Commissioner compares the claimant's impairment to

16    severe impairments recognized by the Commissioner to be so severe as to preclude

17    a person from engaging in substantial gainful activity.  20 C.F.R. §

18    404.1520(a)(4)(iii).  If the impairment is as severe or more severe than one of the

19    enumerated impairments, the Commissioner must find the claimant disabled and

20    award benefits.  20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience.  20 C.F.R. § 404.1520(a)(4)(v).  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).  If the claimant is not capable of adjusting to

other work, analysis concludes with a finding that the claimant is disabled and is

therefore entitled to benefits.  20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

step five, the burden shifts to the Commissioner to establish that (1) the claimant is

capable of performing other work; and (2) such work "exists in significant

numbers in the national economy."  20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*,

700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff did not engage in substantial gainful

activity during the period from her alleged onset date of May 8, 2015 through her

date last insured of December 31, 2017.  Tr. 17.  At step two, the ALJ found that

through the date last insured of December 31, 2017, Plaintiff had the following

severe impairments: degenerative changes of the lumbar spine; trochanter bursitis

of the bilateral hips; and degenerative changes of the right hip.  Tr. 17.  At step

three, the ALJ found that through the date last insured of December 31, 2017,

Plaintiff did not have an impairment or combination of impairments that met or

medically equaled the severity of a listed impairment.  Tr. 18.  The ALJ then found

that, through the date last insured of December 31, 2017, Plaintiff had the RFC

> to perform medium work as defined in 20 CFR 404.1567(c), including
> standing/walking for a total of 6 hours in an 8-hour workday and sitting for

2-hour intervals for a total of 6 hours in 8-hour workday, with usual and customary breaks.  The claimant can push/pull frequently with the right lower extremity.  The claimant can perform all postural movements frequently, except for occasional stooping, crouching, and crawling and never climbing ladders, ropes, or scaffolds.  The claimant must avoid concentrated exposure to extreme cold and hazards (such as heights).

Tr. 18.  At step four, the ALJ found that through the date last insured of December 31, 2017, Plaintiff was capable of performing her past relevant work as deliverer, institutional cook, and cook helper/prep cook.  Tr. 21.  In the alternative, at step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, Plaintiff had also acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant in the national economy, including: short order cook and caterer helper.  Tr. 22-23.  On that basis, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time from May 8, 2015, the alleged onset date, through December 31, 2017, the date last insured.  Tr. 23.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act.[1]  ECF No. 7.  Plaintiff raises the following issues for this Court's review:

---

[1] The Court confined its review to Plaintiff's "Argument and Memorandum in Support of Motion for Summary Judgment" (ECF No. 7-2), and declined to

ORDER ~ 8

1.  Whether the ALJ erred at step two;

2.  Whether the ALJ properly weighed the medical opinion evidence;

3.  Whether the ALJ properly considered Plaintiff's symptom claims; and

4.  Whether the ALJ erred at steps four and five.

## DISCUSSION

**A. Step Two**

To be considered 'severe' at step two of the sequential analysis, an impairment must significantly limit an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see also Smolen v. Chater,* 80 F.3d 1273, 1290 (9th Cir.1996). An impairment that is 'not severe' must be a slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities. S.S.R. 85-28, *available at* 1985 WL 56856, at *3. Plaintiff bears the burden to establish the existence of a severe impairment or combination of impairments, which prevent him from performing substantial gainful activity, and that the impairment or combination of

consider Plaintiff's submission of "Facts Relied Upon in Support of Motion for Summary Judgment" (ECF No. 7-1). The Court directs Plaintiff to review the Local Civil Rules, and particularly Local Civil Rule 56 which instructs that "[t]he procedures described in LCivR 56(c)(1) do not apply to administrative record review cases, including Social Security benefits cases." LCivR 56(i).

ORDER ~ 9

1   impairments lasted for at least twelve continuous months.  20 C.F.R. §§ 404.1505,

2   404.1512(a); *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2011).

3   However, step two is "a de minimus screening device [used] to dispose of

4   groundless claims."  *Smolen*, 80 F.3d at 1290.  "Thus, applying our normal

5   standard of review to the requirements of step two, we must determine whether the

6   ALJ had substantial evidence to find that the medical evidence clearly established

7   that [Plaintiff] did not have a medically severe impairment or combination of

8   impairments."  *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

9        Here, the ALJ resolved step two in Plaintiff's favor, and found Plaintiff has

10  the following severe impairments: degenerative changes of the lumbar spine;

11  trochanter bursitis of the bilateral hips; and degenerative changes of the right hip.

12  Tr. 17.  Further, the ALJ found that Plaintiff was diagnosed with breast cancer, and

13  underwent treatment, but "[b]ecause [Plaintiff] has no evidence of symptoms or

14  limitations due to the left breast cancer prior to the date last insured, I find that the

15  condition was non-severe during the period at issue."  Tr. 18.  Plaintiff argues the

16  ALJ erred by finding Plaintiff's breast cancer was not a severe impairment.  ECF

17  No. 7-2 at 5.  In support of this argument, Plaintiff cites evidence that Plaintiff

18  underwent an ultrasound and a biopsy, was diagnosed with breast cancer, and was

19  prescribed a treatment plan of surgical removal followed by radiation,

20  chemotherapy, and hormone therapy.  ECF No. 7-2 at 5; Tr. 361, 401, 404, 408,

ORDER ~ 10

417-18, 651, 653-54, 656-60.  After generally citing this objective evidence of

Plaintiff's diagnosis and treatment plan, she generally argues that the "ALJ failed

to consider how the initial evaluations and diagnosis effected Plaintiff's ability to

be present and productive in a work setting."  ECF No. 7-2 at 5-6.

Defendant argues that Plaintiff "has failed to identify a single symptom or

limitation from her breast cancer diagnosis during the period at issue."  ECF No. 8

at 4.  The Court agrees.  Plaintiff fails to cite any specific limitation resulting from

her breast cancer diagnosis, at any point in the relevant adjudicatory period, that

was not included in the assessed RFC.  *See Valentine v. Comm'r Soc. Sec. Admin.*,

574 F.3d 685, 692, n.2 (9th Cir. 2009); *Molina*, 674 F.3d at 1111 (an error is

harmless "where it is inconsequential to the [ALJ's] ultimate nondisability

determination"); *Kay v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985) (the "mere

diagnosis of an impairment … is not sufficient to sustain a finding of disability.").

Rather, as noted by the ALJ, the record indicates that Plaintiff denied pain, skin

changes, or nipple discharge in her breasts.  Tr. 18 (citing Tr. 735).  Based on the

foregoing, the Court finds the ALJ did not err in failing to find breast cancer was a

severe impairment.

**B. Medical Opinions**

There are three types of physicians: "(1) those who treat the claimant

(treating physicians); (2) those who examine but do not treat the claimant

(examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir.2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009) (quotation and citation omitted).

Plaintiff generally argues that the ALJ failed to "evaluate and properly weigh the well supported medical findings from treating provider Dr. [Brannon] Orton while giving no specific and legitimate reasons for doing so." ECF No. 9 at 4. In support of this argument, Plaintiff cites Dr. Orton's examination findings of

antalgic gait, decreased motor strength in her lower extremities, and one complaint of tenderness to palpation in her iliac spine. ECF No. 7-2 at 4 (citing Tr. 286, 293, 302, 305, 307). However, where a physician's report did not assign any specific limitations or opinions in relation to an ability to work, "the ALJ did not need to provide 'clear and convincing reasons' for rejecting [the] report because the ALJ did not reject any of [the report's] conclusions" *See, e.g., Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010). Plaintiff failed to identify any specific functional limitations opined by Dr. Orton that were not properly accounted for in the assessed RFC. Thus, the Court finds no error in the ALJ's consideration of Dr. Orton's medical examinations.

**C. Plaintiff's Symptom Claims**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's "allegations concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record through the date last insured of December 31, 2017" for several reasons. Tr. 19. First, the ALJ found Plaintiff's allegations that "she has severe standing, walking, and sitting restrictions due to debilitating back pain" is

1   inconsistent with unremarkable imaging studies and benign examination findings.

2   Tr. 19.  An ALJ may not discredit a claimant's pain testimony and deny benefits

3   solely because the degree of pain alleged is not supported by objective medical

4   evidence.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v.*

5   *Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601

6   (9th Cir. 1989).  However, the medical evidence is a relevant factor in determining

7   the severity of a claimant's pain and its disabling effects.  *Rollins*, 261 F.3d at 857;

8   20 C.F.R. § 404.1529(c)(2).

9        Here, the ALJ set out the medical evidence contradicting Plaintiff's claims

10   of disabling limitations.  First, the ALJ cited a January 2014 MRI of Plaintiff's

11   lumbar spine that "showed only mild degenerative changes at L4-5 and L5-S1,

12   without any significant stenosis and no nerve root compromise."  Tr. 19 (citing Tr.

13   826-27).  Plaintiff argues that the ALJ "misrepresents" the MRI findings, and in

14   support of this argument she cites imaging report notations that "there is a mild

15   bulge in the contour the disk central location causing some impingement on the

16   thecal sac"; "very slight anterior offset of L5 on S1 there is a diffuse bulge in the

17   contour [of] the disk"; and "mild narrowing of the foramina on the right."  ECF

18   No. 7-2 at 3 (citing Tr. 287, 290).  This argument is inapposite.  The overall

19   "impression" section of the MRI report explicitly states that there are

20   "degenerative changes of the disk and facets L4-5 L5-S1 mild foraminal narrowing

L5-S1 on the right.  No significant stenosis of the canal." Tr. 287.  Thus, as noted

by Defendant, the ALJ described the results of the MRI using the exact words of

the doctor who interpreted it."  ECF No. 8 at 6.

Second, the ALJ found "the benign examination findings, which indicate full

motor strength, intact sensation, normal reflexes, normal gait, normal heel/toe

walk, and negative straight leg raising, do not corroborate her claims that she is

unable to stand, walk, or sit for any length of time."  Tr. 19-20 (citing Tr. 286, 293,

298-99, 302, 305, 307, 380-81, 385-86).  Plaintiff argues the ALJ improperly

"ignored" portions of several examinations in 2017 that showed limited range of

motion, decreased motor strength, and tenderness in the lumbar spine.  ECF No. 7-

2 (citing Tr. 286, 293, 302, 305, 307).  However, contrary to Plaintiff's argument,

the ALJ specifically acknowledged several of the examination findings cited by

Plaintiff, including reduced range of motion in the spine and tenderness to

palpation.  Tr. 19 (citing Tr. 286, 298-99).  Moreover, the Court notes that the

records cited by Plaintiff as showing "decreased motor strength" were referencing

Plaintiff's knee and foot, as opposed to her lumbar region.  *See* Tr. 293, 302, 305.

Based on the foregoing, and regardless of evidence that could be considered

more favorable to Plaintiff, it was reasonable for the ALJ to find the severity of

Plaintiff's symptom claims was inconsistent with objective medical evidence.  *See*

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("[W]here evidence is

ORDER ~ 16

susceptible to more than one rational interpretation, it is the [Commissioner's] conclusion that must be upheld.").  This lack of corroboration of Plaintiff's claimed limitations by the medical evidence was a clear and convincing reason, supported by substantial evidence, for the ALJ to discount Plaintiff's symptom claims.

As a final matter, the Court notes that Plaintiff fails to challenge the additional reasons given by the ALJ to discount Plaintiff's symptom claims, including: (1) Plaintiff's hip and back complaints are inconsistent with her treatment history which is "essentially devoid of and complaints or treatment related to the back and hips from May 2015 to October 2016"; and (2) Plaintiff's physical complaints are inconsistent with her activities prior to the date last insured, including "golfing during portions of the period at issue."  Tr. 20.  The Court may decline to address these reasons as they are not addressed with specificity in Plaintiff's opening brief.  *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).  Regardless, unexplained failure to seek treatment is an appropriate basis for the ALJ to discount Plaintiff's symptom claims unless there is a showing of a good reason for the failure.  *See Orn*, 495 F.3d at 638.  Moreover, even where daily activities "suggest some difficulty functioning, they may be grounds for discrediting the [Plaintiff's]

testimony to the extent that they contradict claims of a totally debilitating

impairment."  *Molina*, 674 F.3d at 1113.

The Court concludes that the ALJ provided clear and convincing reasons,

supported by substantial evidence, for rejecting Plaintiff's symptom claims.[2]

**D. Steps Four and Five**

At step four, the ALJ found Plaintiff was capable of performing past relevant

work as a deliverer, institutional cook, and cook helper/prep cook.  Tr. 21-22.

First, Plaintiff generally argues that "the vocational expert classified all of

Plaintiff's past relevant work as medium level jobs which are eliminated with a

light RFC."  ECF No. 7-2 at 7.  However, as noted by Defendant, substantial

evidence supports the ALJ's finding that Plaintiff could perform medium level

work, and Plaintiff "has not identified any evidence beyond her subjective

complaints to establish that she was more limited than the ALJ found for a

continuous 12- month period beginning on or before her insured status expired."

ECF No. 8 at 10-11.

---

[2] Plaintiff additionally argues that the ALJ's improper rejection of Plaintiff's

symptom claims resulted in an "improperly determined" RFC.  ECF No. 7-2 at 6-7.

However, as discussed *supra*, the ALJ's rejection of Plaintiff's symptom claims

was supported by the record and free of legal error.

ORDER ~ 18

1    Moreover, even assuming, *arguendo*, that the ALJ erred at step four, the

2    ALJ made an alternate finding at step five, and found that "considering [Plaintiff's]

3    age, education, work experience, and residual functional capacity, [Plaintiff] had

4    also acquired work sills from past relevant work that were transferable to other

5    occupations with jobs existing in significant numbers in the national economy,"

6    including short order cook and caterer helper.  Tr. 22-23.  In making this finding,

7    the ALJ relied on the vocational expert's testimony that Plaintiff acquired cooking

8    and food preparation skills from her past relevant work as an institutional cook that

9    would readily transfer to the jobs of short order cook and caterer, without requiring

10   any additional training and skills.  Tr. 22-23, 51-52.  Plaintiff argues that the ALJ

11   "has a duty to clarify vocational testimony that is ambiguous," and "[t]o find the

12   institutional cook job has transferable skills of cooking and food preparation where

13   the cook helper job did not is illogical, does not overcome the ALJ's burden, and

14   cannot stand."  ECF No. 7-2 at 8.  As an initial matter, this argument

15   mischaracterizes the testimony of the vocational expert, and the finding of the ALJ.

16   The ALJ did find that skills acquired from Plaintiff's past work as an institutional

17   cook were transferable; however, the ALJ did not explicitly find, nor did the

18   vocational expert testify, that skills acquired from Plaintiff's past work as a cook

19   helper were not transferable.  *See* Tr. 22-23, 51-53.  Thus, there was no ambiguity

20   for the ALJ to resolve.  *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir.

2001) (an ALJ's duty to develop the record is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence).  Moreover, as noted by Defendant, as "skilled" work, Plaintiff's past work as an institutional cook was the most highly skilled recognized under the regulations, whereas the cook helper job is considered unskilled, and transferable skills are not gained by doing unskilled jobs.  ECF No. 8 at 14 (citing Social Security Ruling 82-41 at *2-*4, *available at* 1982 WL 31389).  For all of these reasons, the Court finds no error in the ALJ's findings at step four and five.

## CONCLUSION

A reviewing court should not substitute its assessment of the evidence for the ALJ's.  *Tackett*, 180 F.3d at 1098.  To the contrary, a reviewing court must defer to an ALJ's assessment as long as it is supported by substantial evidence.  42 U.S.C. § 405(g).  As discussed in detail above, the ALJ properly considered Plaintiff's breast cancer at step two; properly weighed the medical opinion evidence; provided clear and convincing reasons to discount Plaintiff's symptom claims; and did not err at step four and step five.  After review the court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, ECF No. 7, is **DENIED**.

ORDER ~ 20

1    2.  Defendant's Motion for Summary Judgment, ECF No. 8, is **GRANTED**.

2    The District Court Executive is hereby directed to enter this Order and

3    provide copies to counsel, enter judgment in favor of the Defendant, and **CLOSE**

4    the file.

5    DATED this 1st day of March 2021.



Stanley A. Bastian
Chief United States District Judge

ORDER ~ 21